[No. 2046. Decided September 26, 1896.]

JAMES MASON, *Respondent*, v. WILLIAM McGEE *et al.*,
*Defendants*, ULMER STINSON, *Appellant.*

ENFORCEMENT OF LOGGER'S LIEN — PLEADING — RECORD OF LIEN NOTICE
— EVIDENCE — REVIEW ON APPEAL.

The complaint in an action to foreclose a logger's lien is not de-
murrable on the ground that it does not allege, except as a conclu-
sion of law, that anything was due the plaintiff, when it states that
"under the terms and conditions of the said contract defendants
became indebted to the plaintiff in the sum of three hundred three
and 87-100 dollars."

An equity cause will not be reversed for technical defects in plead-
ings, where it has been fairly tried and decided in accordance with
the proofs.

The fact that notice of a logger's lien was duly recorded is suffi-
ciently proved by the introduction in evidence of the original notice
with the auditor's certificate of record thereon and by testimony ad-
mitted without objection, that plaintiff had filed the notice for record
in the proper auditor's office.

Appeal from Superior Court, Snohomish County.
—Hon. JOHN C. DENNEY, Judge.   Affirmed.

*Coleman & Hart*, for appellant.

*Coleman & Fogarty*, for respondent.

*Per Curiam.*—This action was brought to foreclose

a logger's lien upon a quantity of sawlogs. Judgment being rendered for the plaintiff, the defendant Stinson has appealed.

The first point raised is that the complaint does not sufficiently allege that anything was due the plaintiff. But this point is not well taken, for it is alleged that "under the terms and conditions of the said contract defendants became indebted to the plaintiff in the sum of three hundred three and 87-100 dollars;" and this was sufficient. Furthermore, the cause appears to have been fairly tried and we have repeatedly held in equity causes, where the proofs are sufficient, that we would not reverse them upon technical grounds going to the pleadings.

It is next urged that there was no sufficient proof of the recording of the lien notice. The original notice was introduced in evidence and upon it was what purported to be a certificate of its having been recorded by the auditor. But, independent of this, plaintiff testified without objection that he had filed the notice for record in the proper auditor's office, and this was sufficient.

The further objections urged by the appellant go to the findings of fact made by the court, on the ground that there was no testimony to sustain some of them, and that others were contrary to the testimony; but after an examination of the proofs, we are not disposed to set aside any of the findings, and as they were sufficient to sustain the decree that was rendered, the judgment is affirmed.